UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LUIS RUIZ #186562,

        Plaintiff,                      Case No. 2:07-cv-123

v.                                           Honorable Wendell A. Miles

GERALD HOFBAUER, et al.,

        Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on August 16, 2007. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

Plaintiff's objections are rambling and somewhat incoherent. Plaintiff states that the "favorable termination" requirement set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), does not apply to Eighth Amendment claims. Plaintiff claims that he was subjected to excessive force by staff. However, as noted in the step III response to MBP-00-07-1795-26a, Plaintiff received three misconducts for assaulting three officers at the time he claims to have been injured. Therefore, as noted by the Magistrate Judge in the report and recommendation, the doctrine set forth in *Heck* applies to bar Plaintiff's claims in this case.

Plaintiff further states that he is not challenging the forfeiture of disciplinary credits. However, as noted by the Magistrate Judge in the report and recommendation, Michigan law provides that a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff makes a conclusory assertion that there were no credits available to be forfeited, however, Plaintiff fails to address the fact that the misconduct convictions prevent him from earning disciplinary credits for the month of his convictions. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary convictions. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly,

should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.


Dated: October 10, 2007                                /s/ Wendell A. Miles
                                                       WENDELL A. MILES
                                                       UNITED STATES DISTRICT JUDGE

- 3 -